Keith Jacoby, Bar No. 150233
KJacoby@littler.com
Gwin Duangnapa, Bar No. 359350
GDuangnapa@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile: 800.715.1330

Andrew Spurchise, Bar No. 245998
ASpurchise@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
Telephone: 212.583.9600

Lisa Lin Garcia, Bar No. 260582
LLGarcia@littler.com
LITTLER MENDELSON, P.C.
101 Second Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.433.1940

Attorneys for Defendants
SCALE AI, INC. and
HIREART, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CHARLES WALLACE, formerly known as CHARLES LEE ATCHISON,

Plaintiffs,

v.

SCALE AI, INC., a Delaware corporation; HIREART, INC., a Delaware corporation; and DOES 1 through 20, inclusive,

Defendants.

Case No. XX

*[Removed from San Franscisco County Superior Court Case No.CGC-26-640346]*

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Trial Date: Not Set
Complaint Filed: August 31, 2026

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF IN PRO PER CHARLES WALLACE FORMERLY KNOWN AS CHARLES LEE ATCHISON**:

**PLEASE TAKE NOTICE** that Defendants SCALE AI, INC. ("Scale AI") and HIREART, INC. ("HireArt"), collectively ("Defendants") hereby removes the above-captioned action, Case No. *CGC-26-640346* from the Superior Court in the State of California for the County of San Francisco, to the United States District Court for the Northern District of California. This removal is based on 28 U.S.C. § 1331 (federal question) where Plaintiff alleges claims under the Fair Labor Standards Act.

## I. JURISDICTION BASED ON FEDERAL QUESTION AND THE FAIR LABOR STANDARDS ACT ("FLSA")

### A. Federal Question Jurisdiction

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and 1446.

2. This notice is based upon the original jurisdiction of the United States district court over the parties under 28 U.S.C. § 1331.

3. As set forth below, this case meets all the requirements of 28 U.S.C. § 1331 for removal because the claims for relief in Plaintiff's Complaint, or some of them, arise under the law of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216. In addition, as set forth below, the Court has supplemental jurisdiction over all state claims pleaded in the Complaint, as they are related to the claims in the action within its original jurisdiction that they form part of the same controversy, pursuant to 28 U.S.C. § 1367(a).

4. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States."

5. This is a civil action that arises out of Plaintiff's employment with Defendants.

The Complaint alleges, “Venue is proper under Code of Civil Procedure section 395.5 because Scale’s principal place of business is in San Francisco. From May 1, 2025, HireArt paid Plaintiff for work performed in California. FLSA claims cover all three periods, including Texas HireArt weeks. California Labor Code and Wage Order 4 claims in this Complaint are limited to work performed in California beginning May 1, 2025, plus claims from California resignation.” (Complaint, ¶¶ 13-14.)

6. Plaintiff expressly alleges claims for relief under 29 U.S.C. §§ 207, 216(b) for “Failure to Pay Overtime — FLSA, 29 U.S.C. §§ 207, 216(b)” (Complaint, ¶¶ 28-31.) Plaintiff seeks unpaid overtime and liquidated damages for hours worked, as well as interest, costs and attorneys’ fees. (Complaint, ¶¶ 28-31., p.14)

7. Federal courts indisputably have subject matter jurisdiction over claims arising under the FLSA. 28 U.S.C. § 1331; 29 U.S.C. § 2617(a)(2) (“action to recover the damages . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction”). In fact, the FLSA provides that an action “may be maintained …in any Federal or State court of competent jurisdiction.” 28 U.S. Code §216(b). Accordingly, this case is properly removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446 because it is a civil action that arises under the laws of the United States.

**B. Supplemental Jurisdiction**

8. Plaintiff’s remaining alleged causes of action (California unpaid overtime, meal and rest period violations, wage statement violations, waiting time penalties, unfair competition) relate to Plaintiff’s employment with Defendants. (Complaint, ¶¶ 1-39.) Thus, the remaining claims are based on the same facts, events, transactions, and occurrences as Plaintiff’s claims that arise under federal law and are so related to those claims as to form part of the same case and controversy. Therefore, the Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367(a). Additionally, this case does not involve: (1) novel or complex issues of state law; (2) any state law claim that substantially predominates over the federal claims; (3) the dismissal of federal claims; or (4) exceptional circumstances. Finally, the Court has jurisdiction of the remaining claims pursuant to 28

U.S.C. § 1441(c).

## II. VENUE

9. Plaintiff filed the action in the Superior Court of the State of California for the County of San Francisco. As alleged in the Complaint, the alleged wrongful conduct occurred in the County of San Francisco, Plaintiff worked in the County of San Francisco, and the relevant witnesses and documents are located in the County of San Francisco. (Complaint, ¶¶ 5, 9, 10, 13, 14.) As such, venue properly lies in the United States District Court for the Northern District of California.

## III. PROCEDURAL BACKGROUND

10. On August 31, 2026, pro per Plaintiff, Charles Wallace, formerly known as Charles Lee Atchison ("Plaintiff") filed a Complaint entitled Charles Wallace, formerly known as Charles Lee Atchison, Plaintiff, v. SCALE AI, Inc. a Delaware corporation; HireArt, Inc., a Delaware corporation; and DOES 1 through 20, inclusive, Defendants, in the Superior Court of the State of California County of San Francisco ("State Court"), docketed as Case No. CGC-26-640346. (See Declaration of Keith Jacoby in Support of Defendant's Notice of Removal ("Jacoby Decl."), ¶¶ 2-3, Exhibit A.)

11. The Complaint alleged that Defendants violated several provisions of the Fair Labor Standards Act ("FLSA"), the California Labor Code, and Industrial Wage Orders. (Id.)

12. On the same day, the Clerk issued an Alternative Dispute Resolution Packet, Notice of Case Assignment – Department 610, Civil Case Cover Sheet. (Jacoby Decl. ¶¶ 4-5, Exhibit B, C.)

13. On August 31, 2026, Plaintiff filed a Notice of Related Case and identified McKinney et al. v. Scale AI, Inc. et al. case number CGC-24-620481. (Jacoby Decl. ¶ 6, Exhibit D.)

14. On August 31, 2026, an initial Case Management Conference was scheduled for February 3, 2027, at 10:30 AM in Department 610. Notice was provided to Plaintiff to serve a copy upon each party to the action with the summons and complaint. (Jacoby Decl.

¶ 7, Exhibit E.)

15. On September 28, 2026, the deputy clerk for San Francisco Superior Court issued a Summons on Complaint. (Jacoby Decl. ¶ 8, Exhibit F.)

16. On September 30, 2026, Defendant HireArt, Inc. was served with a copy of the Summons and Complaint. (Jacoby Decl. ¶ 9, Exhibit G.)

17. All of the process, pleadings, or orders related to this case that have filed in or issued by the Superior Court for the State of California, County of San Francisco, or served by any other party are attached to the Jacoby Declaration as Exhibits A-G. Pursuant to 28 U.S.C. § 1446(a), these documents constitute “all process, pleadings and orders” that have been served upon Defendant HireArt, Inc. and filed in the State Court Action. To Defendants’ knowledge, no further process, pleadings, or orders related to this case have been filed in or issued by the Superior Court for the State of California, County of San Francisco, or served by any other party other than described above. (Jacoby Decl., ¶¶ 2-10, Exhibits A-G).

## IV. TIMELINESS OF REMOVAL

18. Pursuant to 28 U.S.C. section 1446(b), a notice of removal of a civil action must be filed within thirty (30) days of service or receipt of the Summons and Complaint. See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (noting the 30-day removal period runs from the service of the summons and complaint).

19. Defendant HireArt, Inc. was served with the Complaint on September 30, 2026. Defendant Scale AI, Inc. has not yet been served with the Complaint, is represented by the same firm, and although not required to, consents to the removal of this action to this Court. Accordingly, this Notice of Removal has been filed within thirty (30) days of service on Defendant of the Summons and Complaint. Therefore, Defendants’ Notice of Removal is timely in accordance with 28 U.S.C. section 1446(b). *Murphy Bros., Inc.*, 526 U.S. at 347-48, 354 (holding removal period is triggered by completed service of process).

## V. NOTICE TO PLAINTIFF AND THE STATE COURT

20. Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiff (pro per), Charles Wallace, formerly known as Charles Lee Atchison, 3723 Foothill Blvd, Oroville, CA 95966-9516. (Jacoby Decl., ¶ 13.)

21. A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of San Francisco County. (Jacoby Decl., ¶ 13.)

## VI. CONCLUSION

22. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. § 1331 and removal is therefore proper under 28 U.S.C. §§ 1441 and 1446.

Dated: October 29, 2026

LITTLER MENDELSON, P.C.

Keith Jacoby
Andrew Spurchise
Lisa Lin Garcia
Gwin Duangnapa

Attorneys for Defendants
SCALE AI, INC. and HIREART, INC.