Keith Jacoby, Bar No. 150233
KJacoby@littler.com
Gwin Duangnapa, Bar No. 359350
GDuangnapa@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile: 800.715.1330

Andrew Spurchise, Bar No. 245998
ASpurchise@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
Telephone: 212.583.9600

Lisa Lin Garcia, Bar No. 260582
LLGarcia@littler.com
LITTLER MENDELSON, P.C.
101 Second Street, Suite 1000
San Francisco, CA 94105
Telephone: 415.433.1940

Attorneys for Defendants
SCALE AI, INC. and
HIREART, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES WALLACE, formerly known as CHARLES LEE ATCHISON,<br><br>Plaintiffs,<br><br>v.<br><br>SCALE AI, INC., a Delaware corporation; HIREART, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. XX<br><br>*[Removed from San Franscisco County Superior Court Case No.CGC-26-640346]*<br><br>**DECLARATION OF KEITH JACOBY IN SUPPORT OF DEFENDANTS' REMOVAL OF ACTION**<br><br>Trial Date: Not Set<br>Complaint Filed: August 31, 2026 |

# DECLARATION OF KEITH JACOBY

I, Keith Jacoby, declare as follows:

1. I am an attorney with Littler Mendelson, P.C., counsel for Defendants SCALE AI, INC. ("SCALE AI") and HIREART, INC. ("HIREART") in the above-captioned action. I am duly licensed to practice law in the State of California and before the United States District Court for the Northern District and am one of the attorneys responsible for representing said Defendants in this action. I have personal knowledge of the following facts except where stated on information and belief, and if called as a witness I could and would competently testify thereto.

2. On August 31, 2026, Plaintiff Charles Wallace, formerly known as Charles Lee Atchison, filed a verified Complaint in the Superior Court of California, County of San Francisco, Case No. CGC-26-640346. The Complaint asserts thirteen causes of action for: (1) declaratory Relief under CCP § 1060 (against Defendants Scale AI, Inc. and HireArt, Inc.); (2) failure to pay overtime under FLSA, 29 U.S.C. §§ 207, 216(b) (against Defendant Scale AI, Inc.); (3) failure to pay overtime under FLSA, 29 U.S.C. §§ 207, 216(b) (against Defendant HireArt, Inc.); (4) failure to pay overtime under FLSA, 29 U.S.C. §§ 207, 216(b) (against Defendant Scale AI, Inc. as joint employer); (5) failure to pay overtime under FLSA, 29 U.S.C. §§ 207, 216(b) (against Defendant Scale AI, Inc.); (6) failure to pay overtime under Labor Code §§ 510, 1194, 1198; IWC Wage Order 4 (against Defendant HireArt, Inc.); (7) failure to pay overtime under Labor Code §§ 510, 1194, 1198; IWC Wage Order 4 (against Defendant Scale AI, Inc. as joint employer); (8) failure to pay overtime under Labor Code §§ 510, 1194, 1198; IWC Wage Order 4 (against Defendant Scale AI, Inc. as direct employer); (9) failure to provide meal periods under Labor Code §§ 226.7, 512; IWC Wage Order 4 (against Defendants HireArt, Inc. and Scale AI, Inc.); (10) failure to authorize and permit rest periods under Labor Code § 226.7; IWC Wage Order 4 (against Defendants HireArt, Inc. and Scale AI, Inc.); (11) failure to provide accurate wage statements under Labor Code § 226 (against Defendants HireArt, Inc. and Scale AI, Inc.); (12) waiting-time penalties under Labor Code §§ 201-203 (against

Defendants HireArt, Inc. and Scale AI, Inc.); and (13) unfair competition under Bus. & Prof. Code § 17200 (against Defendants HireArt, Inc. and Scale AI, Inc.).

3. Attached hereto as **Exhibit A** is a true and correct copy of the Complaint, filed on August 31, 2026.

4. Attached hereto as **Exhibit B** is a true and correct copy of the Civil Case Cover Sheet and Proof of Service (Summons and Complaint), filed on August 31, 2026.

5. Attached hereto as **Exhibit C** is a true and correct copy of the Alternative Dispute Resolution Packet, filed on August 31, 2026.

6. Attached hereto as **Exhibit D** is a true and correct copy of the Notice of Related Case, filed on August 31, 2026, and identifying McKinney et al. v. Scale AI, Inc. et al. case number CGC-24-620481.

7. Attached hereto as **Exhibit E** is a true and correct copy of the Case Management Conference Notice, set for February 3, 2027.

8. Attached hereto as **Exhibit F** is a true and correct copy of the Summons on Complaint, filed on September 28, 2026.

9. Attached hereto as **Exhibit G** is a true and correct copy of the Proof of Service of Summons and Complaint, received on September 30, 2026.

10. The Proof of Service of Summons and Complaint attached as Exhibit G reflects service on Vcorp Services LLC on September 30, 2026. Vcorp Services LLC has accepted service on behalf of HIREART, INC. Littler Mendelson, P.C. represents both SCALE AI, INC. and HIREART, INC. in this action, and both Defendants consent to and join in removal.

11. To my present knowledge, Exhibits A through G comprise the state-court process, pleadings, and orders presently reflected on the docket through October 15, 2026, and available to Defendants for inclusion with the Notice of Removal.

12. To my knowledge, no other party has been validly served as of the date of this Notice of Removal.

13. Contemporaneously with the filing of Defendants' Notice of Removal in the

United States District Court for the Northern District of California, my office provided written notice of such filing to Pro Per Plaintiff Charles Wallace, formerly known as Charles Lee Atchison, at 3723 Foothill Blvd, Oroville, California 95966-9516. In addition, a copy of Defendants' Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Francisco.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on October 29, 2026, in Los Angeles, California.

Keith Jacoby

# EXHIBIT A

CHARLES WALLACE
3723 Foothill Blvd
Oroville, CA 95966-9516
Telephone: (346) 249-1507
Email: realcharleswallace@gmail.com
Plaintiff in Propria Persona

FILED
Superior Court of California
County of San Francisco
AUG 3 1 2026
CLERK OF THE COURT
BY: Deputy Clerk
JAMES FORONDA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| CHARLES WALLACE, formerly known as CHARLES LEE ATCHISON,<br>Plaintiff,<br>v.<br>SCALE AI, INC., a Delaware corporation; HIREART, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br>Defendants. | **Case No.:** CGC-26-640346<br>**VERIFIED COMPLAINT FOR:**<br>1. Declaratory Relief (CCP § 1060)<br>2. FLSA Overtime — Contributor Period<br>3. FLSA Overtime — HireArt<br>4. FLSA Overtime — Scale, Joint Employer<br>5. FLSA Overtime — Scale, Direct<br>6. California Overtime — HireArt<br>7. California Overtime — Scale, Joint<br>8. California Overtime — Scale, Direct<br>9. Meal Periods (Lab. Code § 226.7)<br>10. Rest Periods (Lab. Code § 226.7)<br>11. Wage Statements (Lab. Code § 226)<br>12. Waiting Time (Lab. Code §§ 201–203)<br>13. Unfair Competition (UCL)<br>**UNLIMITED CIVIL CASE**<br>Individual action; not a class action<br>**Demand for Jury Trial**<br>Damages according to proof; exceeds $35,000 |

Plaintiff alleges as follows:

## I. NATURE OF THE ACTION

1. This is an individual wage-and-hour case. Plaintiff sues HireArt, Inc. as the W-2 employer from February 26, 2024 through October 5, 2025, and Scale AI, Inc. as a joint employer for that period. HireArt first paid Plaintiff as an hourly employee. During the week of June 10–16, 2024, Ankita Sharma of Scale instructed contractors, including Plaintiff, to stop using Time Doctor and/or to stop recording hours. Beginning the week of June 24–30, 2024, HireArt issued weekly statements reporting 0.00 hours and a salary of $3,000. Plaintiff continued to work. From October 6, 2025 until on or about March 13, 2026, Scale employed Plaintiff directly in the same course of work as Strategic Projects Lead and classified him as exempt. Plaintiff resigned from Scale on or about March 13, 2026.

2. The work fell in three successive periods:

(a) Remotasks contributor work for Scale, beginning on or about October 2023 (the exact first day according to proof) through February 25, 2024, performed in Texas;
(b) HireArt W-2 placement to Scale, February 26, 2024 through October 5, 2025; and
(c) Scale Strategic Projects Lead, October 6, 2025 until on or about March 13, 2026.

Contributor work was on Remotasks.

3. Plaintiff's wage claims arise from statute, the wage order, and the work Defendants suffered or permitted. The HireArt offer letter and handbook, the Confidential Information and Invention Assignment Agreement Plaintiff signed with Scale Labs, Inc. on February 22, 2024 (the "CIIAA"), and the September 19, 2025 Scale offer as to the job it created are alleged as facts of

employment.

4. The CIIAA is governed by California law and contains no agreement to arbitrate. HireArt's separate onboarding form contains an AAA clause (Section 10). Scale did not sign that HireArt form. HireArt's form states HireArt is the sole entity responsible for compensation.

5. On September 19, 2025, Scale offered Plaintiff employment beginning October 6, 2025, as Strategic Projects Lead, $160,000 per year, Remote-California. That letter states it is the complete exclusive employment agreement with Scale and supersedes other promises. It contains a JAMS clause for disputes arising from that letter, that employment, or its termination. Plaintiff alleges it does not reach the HireArt or Remotasks periods. The letter classifies Plaintiff as exempt.

6. An actual controversy exists concerning which writings, if any, require arbitration of which period of work. Plaintiff states that controversy in the First Cause of Action.

7. Plaintiff excluded himself from the class settlement in *McKinney et al. v. Scale AI, Inc. et al.*, San Francisco Superior Court No. CGC-24-620481 (Claim ID 7Z00015089; email August 7, 2026). Plaintiff files this as a new unlimited civil action and will file a Notice of Related Case under California Rules of Court, rule 3.300.

8. On August 10, 2026, Plaintiff filed an initial PAGA notice with the LWDA (Case LWDA-CM-1196586-26). The statutory waiting period had not expired when this Complaint was filed.

## II. PARTIES, JURISDICTION, AND VENUE

9. Plaintiff Charles Wallace resides in California. He was formerly Charles Lee Atchison (Harris County, Texas, Cause No. 2023-50580, June 3, 2024).

10. Defendant Scale AI, Inc. is a Delaware corporation with its principal place of business in San Francisco, including 650 Townsend Street, San Francisco, CA 94103. Scale issued Plaintiff work accounts including charles.atchison@contractors.scale.com and later charles.wallace@scale.com.

11. Defendant HireArt, Inc. is a Delaware corporation. It issued Plaintiff's HireArt W-2s and weekly wage statements (EIN 45-3942081), named Scale AI as the "contract employer" on the February 22, 2024 offer, and printed assignments such as RLHF Consultant, RLHF Code Expert at Scale AI, and AI Training Consultant.

12. Ankita Sharma of Scale gave the June 2024 hours instruction alleged below. From October 6, 2025, while employed directly by Scale, Plaintiff reported to Wenjia You. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 20, inclusive, and therefore sues them by those fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously named defendant is responsible in some manner for the violations and damages alleged in this Complaint. Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1 through 20 when they are ascertained.

13. This Court has unlimited jurisdiction. The amount in controversy exceeds $35,000. Venue is proper under Code of Civil Procedure section 395.5 because Scale's principal place of business is in San Francisco. From May 1, 2025, HireArt paid Plaintiff for work performed in California.

14. FLSA claims cover all three periods, including Texas HireArt weeks. California Labor Code and Wage Order 4 claims in this Complaint are limited to work performed in California beginning May 1, 2025, plus claims from California resignation. Scale's San Francisco headquarters does not convert Texas workweeks into California overtime. *Sullivan v. Oracle Corp.* (2011) 51 Cal.4th 1191.

## III. FACTS

*A. Remotasks Contributor Period (on or about October 2023 – February 25, 2024)*

15. Plaintiff performed contributor work for Scale on Remotasks while living in Spring, Texas, beginning on or about October 2023 through February 25, 2024. Plaintiff does not presently recall the exact first day. Scale labeled him an independent contractor. Classification is their label. The exact dates and hours are, on information and belief, in Remotasks task history, pay events, and related logs in Scale's possession. Plaintiff seeks FLSA overtime (and unpaid FLSA wages if those records so show) according to proof.

*B. HireArt W-2 / Scale Joint Employer (February 26, 2024 – October 5, 2025)*

16. HireArt's February 22, 2024 offer named Scale AI as contract employer, role RLHF Consultant, $75.00 per hour, start February 26, 2024. The HireArt handbook stated Plaintiff was an hourly employee who may qualify for overtime over 40 hours. Scale directed the work: company laptop, Time Doctor, Slack, Zoom, rubrics, queues, and the contractors.scale.com mailbox. Scale then hired him into the same course of work as Strategic Projects Lead on October 6, 2025.

17. Plaintiff's duties were assigned tasking, evaluation, and auditing of training data under Scale's instructions. He did not supervise a department, hire or fire, or set Scale policy. Job titles and a later salary do not establish an overtime exemption.

18. Recorded hours. From February 26, 2024 through June 23, 2024, HireArt issued 17 weekly statements with hours. Regular pay was $75 × 40; overtime was $112.50 × hours over 40. Total recorded hours: 1,394.57. Range: 73.5 to 94.97. Mean: about 82.03 hours per week.

19. Instruction to stop tracking. During the week of June 10–16, 2024, Ankita Sharma of Scale instructed contractors on a group video meeting, including Plaintiff, to stop using Time Doctor and/or to stop recording hours. HireArt still paid that week as hourly (94.97 hours) and the next (91.65 hours).

20. Zero-hour statements. Beginning the week of June 24–30, 2024 (paid July 5, 2024), HireArt issued 67 consecutive weekly statements reporting 0.00 hours and a salary of $3,000 (40 × $75), with bonuses or other lines on some weeks. Plaintiff continued to work. The job did not become a 40-hour exempt job. Time Doctor records in Plaintiff's possession show work after June 23, 2024. Chloe Agape, a HireArt-placed RLHF Consultant then RLHF Code Expert, declared under penalty of perjury in *McKinney* (Agape Decl. ¶ 4, Feb. 6, 2026) that Scale's timekeeping missed hours, that the defendants in that action discouraged her from recording more than eight hours a day or forty a week, and that her salaried Code Expert wage was a flat weekly amount with statements omitting actual hours. That declaration corroborates a practice.

21. Plaintiff worked from Spring, Texas through April 30, 2025, and from 38580 Ganson Place, Temecula, CA 92592 beginning May 1, 2025 (lease signed April 18, 2025). HireArt's last statement (September 29–October 5, 2025, paid October 10, 2025) uses Temecula, title AI Training Consultant, 0.00 hours, salary $3,000, and a PTO payout. Oroville is a later forwarding address, not the 2025 work location.

*C. Scale Direct Employment (October 6, 2025 – on or about March 13, 2026)*

22. Scale paid $160,000 per year ($6,666.67 semi-monthly). ADP statements insert canned "hours" (including 86.67), not clock time. A $5,000 spot bonus appears on the January 30, 2026 statement. The last ADP in Plaintiff's file covers February 16–28, 2026. Plaintiff began caregiver leave on February 6, 2026. He resigned on or about March 13, 2026. Duties did not become exempt merely because Scale printed "Strategic Projects Lead" and "exempt."

*D. The Three Writings*

23. Outlier. A Terms of Use page at https://outlier.ai/legal/terms-of-use, disputes section 10, is on information and belief effective May 11, 2026, after all three periods ended. Even if some contributor clickwrap were later proved, it would not cover HireArt W-2 or Scale FTE employment.

24. HireArt Section 10. Plaintiff signed it. It calls for AAA Employment Rules, Delaware law, a 30-day opt-out, and purports to let Clients enforce it, including joint-employment claims. Scale is not a signatory. Plaintiff's claims against Scale are statutory joint-employer claims. On information and belief, Scale still controls the contractors.scale.com mailbox, where any HireArt notices to Plaintiff would reside.

25. Scale JAMS. The September 19, 2025 letter's integration clause and October 6, 2025 start date limit that JAMS clause to the direct employment the letter created.

26. The HireArt-period overtime counts against HireArt and against Scale concern the same weeks, the same stubs, and the same June 2024 instruction (Code Civ. Proc. § 1281.2(c)).

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

*Declaratory Relief — Code Civ. Proc. § 1060*

(Against Defendants Scale AI, Inc. and HireArt, Inc.)

27. Plaintiff incorporates by reference paragraphs 1 through 26, inclusive, as though fully set forth herein. An actual controversy exists, and Plaintiff seeks a declaration, as follows:

(a) Scale is a nonsignatory to HireArt Section 10;

(b) Scale's JAMS clause does not cover periods before October 6, 2025;

(c) current Outlier Terms, on information and belief effective May 11, 2026, do not cover W-2 or FTE counts;

(d) the three writings are not one employment arbitration.

### SECOND CAUSE OF ACTION

*Failure to Pay Overtime — FLSA, 29 U.S.C. §§ 207, 216(b)*

(Against Defendant Scale AI, Inc. and DOES 1 through 20 — Remotasks Contributor Period)

28. Plaintiff incorporates by reference paragraphs 1 through 27, inclusive, as though fully set forth herein. During the Contributor period Scale was Plaintiff's employer under the FLSA economic-reality test. Plaintiff was not exempt. Scale failed to pay one-and-one-half times the regular rate for hours over 40. The dates and hours are according to proof from Remotasks records that, on information and belief, are in Scale's possession. The violation was willful. Plaintiff seeks unpaid overtime, unpaid FLSA wages if hours were paid below the federal minimum, an equal amount as liquidated damages, and fees if and when recoverable.

**THIRD CAUSE OF ACTION**

*Failure to Pay Overtime — FLSA, 29 U.S.C. §§ 207, 216(b)*

(Against Defendant HireArt, Inc. and DOES 1 through 20 — HireArt W-2 Period)

29. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, as though fully set forth herein. HireArt employed Plaintiff from February 26, 2024 through October 5, 2025. Plaintiff was not exempt. HireArt failed to pay FLSA overtime for hours over 40, including after it stopped printing hours. Where Defendants failed to keep required records, Plaintiff will estimate hours under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), and *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721, using the recorded pattern as a starting point, adjusted by Time Doctor and other evidence. The violation was willful. Unpaid overtime, liquidated damages, and fees if and when recoverable.

**FOURTH CAUSE OF ACTION**

*Failure to Pay Overtime — FLSA, 29 U.S.C. §§ 207, 216(b)*

(Against Defendant Scale AI, Inc. as Joint Employer, and DOES 1 through 20 — February 26, 2024 through October 5, 2025)

30. Plaintiff incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein. Scale was a joint employer under the FLSA economic-reality test. It failed to pay FLSA overtime for HireArt-period hours, including Texas weeks. The violation was willful. Same remedies.

**FIFTH CAUSE OF ACTION**

*Failure to Pay Overtime — FLSA, 29 U.S.C. §§ 207, 216(b)*

(Against Defendant Scale AI, Inc. and DOES 1 through 20 — October 6, 2025 until on or about March 13, 2026)

31. Plaintiff incorporates by reference paragraphs 1 through 30, inclusive, as though fully set forth herein. Scale employed Plaintiff directly. Plaintiff was not exempt on the duties test. Scale failed to pay FLSA overtime. The violation was willful. Same remedies.

**SIXTH CAUSE OF ACTION**

*Failure to Pay Overtime — Lab. Code §§ 510, 1194, 1198; IWC Wage Order 4*

(Against Defendant HireArt, Inc. and DOES 1 through 20 — California Workweeks)

32. Plaintiff incorporates by reference paragraphs 1 through 31, inclusive, as though fully set forth herein. For workweeks beginning May 1, 2025, HireArt failed to pay California overtime, including daily overtime and double time where due. Plaintiff was not exempt. Where Defendants failed to keep required records, Plaintiff will estimate hours under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), and *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721, using the recorded pattern as a starting point, adjusted by Time Doctor and other evidence.

**SEVENTH CAUSE OF ACTION**

*Failure to Pay Overtime — Lab. Code §§ 510, 1194, 1198; IWC Wage Order 4*

(Against Defendant Scale AI, Inc. as Joint Employer, and DOES 1 through 20 — California Workweeks before October 6, 2025)

33. Plaintiff incorporates by reference paragraphs 1 through 32, inclusive, as though fully set forth herein. Scale is jointly liable for California overtime on HireArt-period California workweeks under Wage Order 4 and *Martinez v. Combs* (2010) 49 Cal.4th 35.

## EIGHTH CAUSE OF ACTION

*Failure to Pay Overtime — Lab. Code §§ 510, 1194, 1198; IWC Wage Order 4*

(Against Defendant Scale AI, Inc. and DOES 1 through 20 — Direct Employment)

34. Plaintiff incorporates by reference paragraphs 1 through 33, inclusive, as though fully set forth herein. From October 6, 2025 until on or about March 13, 2026, Plaintiff was employed by Scale in California. Scale failed to pay California overtime. Plaintiff was not exempt on the duties test.

## NINTH CAUSE OF ACTION

*Failure to Provide Meal Periods — Lab. Code §§ 226.7, 512; IWC Wage Order 4*

(Against Defendants HireArt, Inc. and Scale AI, Inc., and DOES 1 through 20 — California Workweeks)

35. Plaintiff incorporates by reference paragraphs 1 through 34, inclusive, as though fully set forth herein. For California workweeks, Defendants did not provide compliant 30-minute meal periods when Plaintiff worked more than five hours, or a second meal period when he worked more than ten hours. Frequency according to proof. Premium pay of one additional hour per deficient day. Joint-employer liability against Scale for HireArt-period California weeks; direct liability thereafter.

## TENTH CAUSE OF ACTION

*Failure to Authorize and Permit Rest Periods — Lab. Code § 226.7; IWC Wage Order 4*

(Against Defendants HireArt, Inc. and Scale AI, Inc., and DOES 1 through 20 — California Workweeks)

36. Plaintiff incorporates by reference paragraphs 1 through 35, inclusive, as though fully set forth herein. For California workweeks, Defendants did not authorize and permit compliant paid rest periods. Frequency according to proof. Premium pay according to proof.

## ELEVENTH CAUSE OF ACTION

*Failure to Provide Accurate Wage Statements — Lab. Code § 226*

(Against Defendants HireArt, Inc. and Scale AI, Inc., and DOES 1 through 20 — California Workweeks)

37. Plaintiff incorporates by reference paragraphs 1 through 36, inclusive, as though fully set forth herein. HireArt's California-period statements reported 0.00 hours while Plaintiff worked overtime. Scale's salary statements inserted canned hours rather than hours worked. Knowing and intentional as to HireArt's 0.00-hour practice after the June 2024 instruction; on information and belief, Scale's insertion of canned hours in place of hours worked was also knowing and intentional. The 0.00-hour and canned-hours statements prevented Plaintiff from promptly and easily determining his hours worked and whether he was paid correctly. Section 226(e) penalties according to proof. California workweeks only.

**TWELFTH CAUSE OF ACTION**

*Waiting-Time Penalties — Lab. Code §§ 201–203*

(Against Defendants HireArt, Inc. and Scale AI, Inc., and DOES 1 through 20)

38. Plaintiff incorporates by reference paragraphs 1 through 37, inclusive, as though fully set forth herein. Overtime due at the end of the HireArt assignment (October 5, 2025) and at Plaintiff's resignation from Scale (on or about March 13, 2026) was not paid. The nonpayment was willful. Plaintiff seeks continuation wages up to 30 days against the employer liable at each separation, according to proof.

**THIRTEENTH CAUSE OF ACTION**

*Unfair Competition — Bus. & Prof. Code § 17200*

(Against Defendants HireArt, Inc. and Scale AI, Inc., and DOES 1 through 20 — California Workweeks)

39. Plaintiff incorporates by reference paragraphs 1 through 38, inclusive, as though fully set forth herein. The California overtime, meal, rest, and wage-statement violations are unlawful business practices. Plaintiff seeks restitution of unpaid California wages and premiums according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A. On the First Cause of Action, a declaration as alleged in paragraph 27;

B. Unpaid FLSA overtime (and unpaid FLSA wages if proved) for the Contributor period, according to proof;

C. Unpaid overtime under the FLSA for the HireArt period (including Texas weeks) and the Scale FTE period, and under the Labor Code for California workweeks, according to proof;

D. FLSA liquidated damages in an equal amount on the FLSA sums found due;

E. Meal and rest premiums for California workweeks, according to proof;

F. Labor Code section 226(e) penalties for California workweeks, according to proof;

G. Labor Code section 203 continuation wages, according to proof;

H. Restitution under Business and Professions Code section 17200 for California workweeks;

I. Prejudgment interest as allowed by law;

J. Costs of suit;

K. Attorney's fees if and when recoverable;

L. Leave to amend to add representative PAGA claims after LWDA exhaustion, limited to unreleased slices; and

M. Such other and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so triable. The First Cause of Action is for the Court.

8/31/26

[signature]

# VERIFICATION

I, Charles Wallace, formerly Charles Lee Atchison, declare:

I am the Plaintiff in this action. I have read the foregoing Verified Complaint and know its contents. The matters stated in it of my own personal knowledge are true. As to those matters stated on information and belief, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 31 August, 2026, at Oroville, California.

Charles Wallace

Plaintiff in Propria Persona

# EXHIBIT B

CM-010

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:<br>NAME: Charles Wallace<br>FIRM NAME: Plaintiff In Pro Per<br>STREET ADDRESS: 3723 Foothill Blvd<br>CITY: Oroville STATE: CA ZIP CODE: 95966-9516<br>TELEPHONE NO.: (346) 249-1507 FAX NO.:<br>EMAIL ADDRESS: realcharleswallace@gmail.com<br>ATTORNEY FOR (*name*): Plaintiff in pro per | | *FOR COURT USE ONLY*<br>FILED<br>Superior Court of California<br>County of San Francisco<br>AUG 31 2026<br>CLERK OF THE COURT<br>BY: ____ Deputy Clerk<br>JAMES FORONDA |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS: 400 McAllister Street<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: Civic Center Courthouse | | |
| CASE NAME:<br>WALLACE v. SCALE AI, INC., et al. | | |
| **CIVIL CASE COVER SHEET**<br>☒ **Unlimited** (Amount demanded exceeds $35,000)<br>☐ **Limited** (Amount demanded is $35,000 or less) | **Complex Case Designation**<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: CGC-26-640346<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Asbestos**
- ☐ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/Unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☒ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Song-Beverly Act: Motor Vehicle Lemon Law (49)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Employment Development Department (EDD)**
- ☐ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Comprehensive groundwater adjudication (47)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:

a. ☒ monetary
b. ☒ nonmonetary; declaratory or injunctive relief
c. ☐ punitive

4. Number of causes of action *(specify)*: 13

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8/31/26

Charles Wallace
Type or print name

Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/ non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition



Print Save Clear

# EXHIBIT C

# Superior Court of California, County of San Francisco
# Alternative Dispute Resolution Information Package

The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**<u>Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint</u>**

**WHAT ARE THE ADR OPTIONS?**

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

**2) MEDIATION**

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF):** The ADR DEPARTMENT OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. BASF's panel of experienced, professional and impartial mediators work with parties to help them arrive at mutually agreeable solutions. Parties can select their mediator from the website www.sfbar.org/mediation or BASF can assist with mediator selection. BASF pre-screens all mediators based upon strict educational and experience requirements and handles administrative matters, including conflict checks and case management. BASF charges an initial fee of $295 per party, which covers (1) BASF's administration costs, (2) the first hour of preparation time, and (3) the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate, which varies depending on the mediator selected. Waivers of BASF's fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

**3) ARBITRATION**

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION**

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION**

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

**HOW DO I PARTICIPATE IN ADR?**

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
adrcoordinator@sft.org
Or, visit the court's ADR page at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address)<br><br>TELEPHONE NO.:<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: ____________________<br>**DEPARTMENT 610** |

**1) The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of$295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program.
https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution
Judge Requested (see list of Judges currently participating in the program): ______________________________
Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):
☐ 30-90 days ☐ 90-120 days ☐ Other (please specify) ____________________

☐ **Other ADR process** (describe) ____________________________________________________________

**2) The parties agree that the ADR Process shall be completed by (date):** ________________________
**3) Plaintiff(s) and Defendant(s) further agree as follows:**

______________________________________________________________________________

| | |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: ____________________ | Dated: ____________________ |

☐ ***Additional signature(s) attached***

# EXHIBIT D

CM-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Charles Wallace<br>3723 Foothill Blvd<br>Oroville, CA 95966-9516<br>In Pro Per<br>TELEPHONE NO.: (346) 249-1507 FAX NO. *(Optional):*<br>EMAIL ADDRESS *(Optional):* realcharleswallace@gmail.com<br>ATTORNEY FOR *(Name):* Plaintiff in pro per | *FOR COURT USE ONLY*<br>FILED<br>Superior Court of California<br>County of San Francisco<br>AUG 3 1 2026<br>CLERK OF THE COURT<br>BY: Deputy Clerk<br>JAMES FORONDA |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS: 400 McAllister Street<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: Civic Center Courthouse | |
| PLAINTIFF/PETITIONER: Charles Wallace<br>DEFENDANT/RESPONDENT: SCALE AI, INC.; HIREART, INC. | CASE NUMBER: CGC-26-640346<br>JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: McKinney et al. v. Scale AI, Inc. et al.
   b. Case number: CGC-24-620481
   c. Court: [X] same as above
   [ ] other state or federal court *(name and address):*
   d. Department: 304
   e. Case type: [ ] limited civil [X] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
   f. Filing date: December 10, 2024
   g. Has this case been designated or determined as "complex?" [X] Yes [ ] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
   [ ] involves the same parties and is based on the same or similar claims.
   [X] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
   [ ] involves claims against, title to, possession of, or damages to the same property.
   [X] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
   [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
   [X] pending
   [ ] dismissed [ ] with [ ] without prejudice
   [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
   [ ] other state or federal court *(name and address):*
   d. Department:

**CM-015**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Charles Wallace<br>DEFENDANT/RESPONDENT: SCALE AI, INC.; HIREART, INC. | CASE NUMBER: |

2. *(continued)*

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other (*specify*):

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 2h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

3. a. Title:

b. Case number:

c. Court: ☐ same as above

☐ other state or federal court *(name and address)*:

d. Department:

e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other (*specify*):

f. Filing date:

g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

h. Relationship of this case to the case referenced above *(check all that apply)*:

☐ involves the same parties and is based on the same or similar claims.

☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

☐ involves claims against, title to, possession of, or damages to the same property.

☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

☐ Additional explanation is attached in attachment 3h

i. Status of case:

☐ pending

☐ dismissed ☐ with ☐ without prejudice

☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: ________

Date: 8/31/26

Charles Wallace
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER: Charles Wallace<br>DEFENDANT/RESPONDENT: SCALE AI, INC.; HIREART, INC. | CASE NUMBER: |
|---|---|

## PROOF OF SERVICE BY FIRST-CLASS MAIL
## NOTICE OF RELATED CASE

***(NOTE: You cannot serve the* Notice of Related Case *if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. [X] deposited the sealed envelope with the United States Postal Service.

   b. [ ] placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):*

   b. from *(city and state):* Oroville, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
   Theane D. Evangelis, Gibson Dunn (Scale)
   Street address: 333 S Grand Ave
   City: Los Angeles
   State and zip code: CA 90071

   b. Name of person served:
   Andrew M. Spurchise, Littler (HireArt)
   Street address: 333 Bush St, 34th Floor
   City: San Francisco
   State and zip code: CA 94104

   c. Name of person served:
   Glenn A. Danas, Clarkson Law (McKinney)
   Street address: 22525 Pacific Coast Highway
   City: Malibu
   State and zip code: CA 90265

   d. Name of person served:
   Laura L. Ho, Dardarian Ho (McKinney)
   Street address: 155 Grand Avenue, Suite 900
   City: Oakland
   State and zip code: CA 94612

[X] Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: ____________________

________________________________ ▶ ________________________________
(TYPE OR PRINT NAME OF DECLARANT) (SIGNATURE OF DECLARANT)



For your protection and privacy, please press the Clear This Form button after you have printed the form.
Print this form Save this form Clear this form

# EXHIBIT E

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **FEB 03, 2027**

**TIME:** **10:30 am**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# EXHIBIT F

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SCALE AI, INC.; HIREART, INC.; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
CHARLES WALLACE, FORMERLY KNOWN AS CHARLES LEE ATCHISON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of San Francisco
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC-26-640346 **CGC-26-640346**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles Wallace, 3723 Foothill Blvd, Oroville, CA 95966-9516; (346) 249-1507; realcharleswallace@gmail.com

DATE: *(Fecha)* **09/28/2026** Clerk, by *(Secretario)* **ANNIE PASCUAL**, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]
SUPERIOR COURT OF CALIFORNIA
EUREKA
COUNTY OF SAN FRANCISCO

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

**Print this form** **Save this form** **Clear this form**

# EXHIBIT G

# Legal/SOP Cover Sheet

Thursday, October 01, 2026

HireArt Inc.
Noelia Martinez
500 Westover Dr
Sanford North Carolina 27330

**Re:** HIREART, INC.
**Case #:** CGC26640346
**Vcorp Log #:**VS- 229357

Dear Noelia Martinez,

Attached please find copies of service of process received by Vcorp Services LLC, its subsidiaries or affiliates ("Vcorp") on behalf of the above referenced entity.

**Type:** Employee Litigation
**Date Served:** 09/30/2026
**Jurisdiction:** California
**Case Caption:** CHARLES WALLACE
**Case:** CGC26640346

**Document History:**

| Log# | Doc Type: | Date Received | Jurisdiction: | Case Caption: |
|---|---|---|---|---|
| VS-229357 | Employee Litigation | 09/30/2026 | California | CHARLES WALLACE |
| VS-229118 | Employee Litigation | 09/28/2026 | California | Edris Atamy |
| VS-226116 | Employee Litigation | 08/24/2026 | California | Janet Gonzalez |
| VS-225960 | Notice | 08/20/2026 | California | Edris Atamy |
| VS-225421 | Garnishments (Wage) | 08/14/2026 | California | CONSUMER PORTFOLIO SERVIC |

Please advise if you have any questions or as we can be of service.

Vcorp SOP Team
25 Robert Pitt Drive, Suite 204
Monsey, New York 10952
Tel: 888-528-2677