Keith A. Jacoby, Bar No. 150233
kjacoby@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile: 800.715.1330

Gwin Duangnapa, Bar No. 359350
gduangnapa@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330

Attorneys for Defendant
HIREART, INC.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CHARLES WALLACE, formerly known as CHARLES LEE ATCHISON,

Plaintiffs,

v.

SCALE AI, INC., a Delaware corporation; HIREART, INC., a Delaware corporation; and DOES 1 through 20, inclusive,

Defendants.

Case No. 3:26-cv-12797-AGT

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HIREART, INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS**

**Date: December 11, 2026**
**Time: 10:00 AM**
**Judge: ALEX G. TSE**
**Dept.: CRTRM A – 15TH FLR**

Trial Date: None Set
Notice of Removal Filed: October 29, 2026
SFSC Complaint Filed: August 31, 2026

TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 2

II. STATEMENT OF FACTS ..... 2

A. HireArt's Operations Involving Interstate Commerce And Plaintiff's Employment. ..... 2

B. Plaintiff Agreed To Arbitrate His Employment-Related Disputes. ..... 3

C. The Arbitration Agreement Applies To Plaintiff's Claims. ..... 4

D. The Arbitration Agreement Expressly Requires Arbitration Of Plaintiff's Individual Wage And Hour Claims And A Stay Of The Claim. ..... 5

E. Plaintiff Refuses To Submit His Claims To Arbitration. ..... 5

III. LEGAL ARGUMENT ..... 6

A. The Federal Arbitration Act ("FAA") Applies to the Parties' Arbitration Agreement and Preempts State Law. ..... 6

B. The FAA Mandates Submission of this Dispute to Arbitration. ..... 7

C. The Arbitrator, Not the Court, Must Determine Any Contract Defenses to Enforcement. ..... 8

D. HireArt's Motion Must Be Granted Because the Arbitration Agreement is Valid and Covers Plaintiff's Claims. ..... 9

1. Plaintiff Agreed to the Arbitration Agreement. ..... 9

2. The Language of the Arbitration Agreement Covers Plaintiff's Claims. ..... 10

3. The Arbitration Agreement Also Satisfies the Armendariz Factors. ..... 11

a. The Arbitration Agreement is not procedurally unconscionable. ..... 11

b. The Arbitration Agreement is not substantively unconscionable. ..... 12

(1) The Arbitration Agreement provides for the appointment of a neutral arbitrator. ..... 13



LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

**TABLE OF CONTENTS**
**(continued)**

**Page**

(2) The Arbitration Agreement allows for adequate discovery. ....13

(3) The Arbitration Agreement contains no limitation of remedies. ....13

(4) The Arbitration Agreement provides for a written award. ....13

(5) HireArt is responsible for paying the arbitrator's fee and the costs unique to arbitration. ....14

(6) The Arbitration Agreement is Mutual. ....14

E. Plaintiff Must Also Arbitrate His Claims Against HireArt's Unserved Client Scale AI, Inc. ....14

1. Scale AI, Inc. Is Expressly Covered By The Arbitration Agreement. ....14

2. SCALE AI, Inc. Is a Third-Party Beneficiary. ....15

3. SCALE AI, Inc. Can Enforce the Arbitration Agreement Under Agency Theory. ....15

F. Pursuant to the Terms of the Agreement and the FAA, Plaintiff Must Prosecute His Claims in Arbitration, and the Claims Must Be Stayed Pending Arbitration. ....16

G. This Action Must Be Stayed. ....16

H. Defendant HireArt,Inc. Requests a Statement of Decision if the Motion is Denied. ....17

IV. CONCLUSION ....17

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Allied-Bruce Terminix Cos. v. Dobson*
(1995) 513 U.S. 265 265, 273-274 ....7

*Armendariz v. Found. Health Psychcare Servs., Inc.*
(2000) 24 Cal.4th 83 ....11, 12

*Asmus v. Pacific Bell,*
23 Cal.4th 1 (2000) ....10

*AT&T Mobility, LLC v. Concepcion,*
563 U.S. 333 (2011)....6, 7

*AT&T Techs. v. Commc'ns Workers of Am.*
(1986) 475 U.S. 643....8

*Baltazar v. Forever 21, Inc.*
(2016) 62 Cal.4th 1237 ....11, 12

*Brinkley v. Monterey Fin. Servs., Inc.*
(2015) 242 Cal. App. 4th 314 ....8

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.,*
207 F. 3d 1126 (9th Cir. 2000) ....8

*Circuit City Stores, Inc. v. Adams,*
532 U.S. 105 (2001)....6

*Citizens Bank v. Alafabco, Inc.,*
539 U.S. 52 (2003)....6, 7

*Condee v. Longwood Management Corp.*
(2001) 88 Cal.App.4th 215 ....9

*Craig v. Brown Root, Inc.*
(2000)84 Cal. App. 4th 416 ....10

*Dean Witter Reynolds, Inc. v. Byrd,*
470 U.S. 213 (1985)....7

*DIRECTV, Inc. v. Imburgia,*
577 U.S. 463 (2015)....6

*Dryer v. Los Angeles Rams,*
40 Cal.3d 406 (1985) ....15



LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

## TABLE OF AUTHORITIES
**(continued)**

**Page**

**Cases**


*Epic Systems Corp. v. Lewis,* 548 U.S. 1612 (2018) .......... 6, 7

*Espejo v. Southern California Permanente Medical Group* (2016) 246 Cal.App.4th 1047 .......... 9

*Fittante v. Palm Springs Motors* (2003) 105 Cal.App.4th 708 .......... 14

*Garcia v. Pexco, LLC,* Cal.App.5th 782, 788 (2017) .......... 15

*Harris v. Superior Court,* 188 Cal.App.3d 475 (1986) .......... 15

*Henry Schein v. Archer and White Sales, Inc.,* 586 U.S. 63 (2019) .......... 8

*Howsam v. Dean Witter Reynolds,* 537 U.S. 79 (2002) .......... 8

*Iskanian v. CLS Transp. Los Angeles, LLC* (2014) 59 Cal.4th 348 .......... 6

*Lamps Plus v. Varela,* 587 U.S. 1407 (2019) .......... 6

*McManus v. CIBC World Mkts. Corp.* (2003) 109 Cal.App.4th 76 .......... 11

*Michaelis v. Schori,* 20 Cal.App.4th 133 (1993) .......... 15

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983) .......... 17

*Najarro v. Sup. Ct.* (2021) 70 Cal.App.5th 871 .......... 8

*Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev.* (US), LLC (2012) 55 Cal.4th 223 .......... 9

*Rent–A–Center, West, Inc. v. Jackson,* 561 U.S. 63 (2010) .......... 6, 8, 9



LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

## TABLE OF AUTHORITIES
**(continued)**

**Page**

**Cases**

*Rodriguez v. American Technologies, Inc.*
(2006) 136 Cal. App. 4th 1110 .......... 8

*Sanchez v. Valencia Holding Co., LLC,*
61 Cal.4th 899 .......... 11, 12

*Schatz v. Allen Matkins Leck Gamble & Mallory LLP*
(2009) 45 Cal.4th 557 .......... 9

*Smith v. Spizzirri,*
601 U.S. 472 (2024) .......... 16

*Soltani v. W. & S. Life Ins. Co.*
(9th Cir. 2001) 258 F.3d 1038 .......... 12

*Sonic Calabasas A, Inc. v. Moreno*
(2013) 57 Cal.4th 1109 .......... 11, 12

*Stolt-Nielsen v. AnimalFeeds Int'l Corp.,*
559 U.S. 662 (2010) .......... 10

*Thomas v. Westlake,*
204 Cal.App.4th 605 (2012) .......... 15

*United Steelworkers of Am. V. Warrior & Gulf Navigation Co.,*
363 U.S. 574 (1960) .......... 10

*EEOC v. Waffle House,*
534 U.S. 279 (2002) .......... 10

**Statutes**

9 U.S.C. § 2 .......... 6

9 U.S.C. §§ 3-4 .......... 2

9 U.S.C. § 4 .......... 7

Cal. Civ. Code § 1550 .......... 9

Cal. Civ. Code § 1556 .......... 9

Federal Arbitration Act .......... *passim*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

# I. INTRODUCTION

Plaintiff Charles Wallace formerly known as Charles Lee Atchison ("Plaintiff") entered into a binding arbitration agreement ("Arbitration Agreement" or "Agreement") with Defendant HireArt, Inc. ("HireArt"), which requires him to arbitrate his claims brought against HireArt, and its client Defendant SCALEAI, Inc. ("Scale").

Despite the unequivocal language in the Agreement, Plaintiff filed this individual wage and hour action and refuses to arbitrate his claims. His position is untenable.

The Arbitration Agreement expressly requires arbitration of Plaintiff's claims as is consistent with the requirements of 9 U.S.C. §§ 3-4. Further, any contractual defenses to the enforcement of the Agreement are delegated exclusively to the arbitrator. Accordingly, Plaintiff's claims must be compelled to arbitration, and the action must be dismissed or in the alternative stayed pending completion of arbitration.[1]

# II. STATEMENT OF FACTS

## A. HireArt's Operations Involving Interstate Commerce And Plaintiff's Employment.

HireArt operates a digital platform to match its clients (businesses with staffing needs) with a contract workforce comprised of short-term, seasonal, and temp-to-hire workers employed by HireArt nationwide. (Declaration of Marielle Wardell ("Wardell Decl.") ¶ 3.) HireArt places employees in temporary and long-term assignments with its clients throughout the country. (*Id*.) HireArt is incorporated in Delaware, with its principal place of business in New York. (*Id.*) HireArt also regularly uses interstate channels of communication, including email and interstate mail, and maintains a presence on the Internet through the HireArt website, where it advertises its products, services, and employment opportunities, and the HireArt Platform, where job opportunities are posted (*Id.* ¶ 4.) HireArt's online platform allows its prospective employees to search for available job listings from any location with an internet connection and computer. (*Id.* ¶ 6.) Plaintiff

[1] If the Court denies this Motion, HireArt, Inc. respectfully requests that the Court set forth the grounds for its denial, including any findings of fact and conclusions of law necessary to permit meaningful appellate review.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

used HireArt's online platform to find and accept a contract work assignment with HireArt's client, SCALEAI, Inc. (*Id.* ¶ 7.) Plaintiff worked as a RLHF Consultant, RLHF Code Expert, and AI Training Consultant at Scale from February 26th, 2024, until October 3rd, 2025. (*Id.* ¶ 8.)

**B. Plaintiff Agreed To Arbitrate His Employment-Related Disputes.**

HireArt uses its own program (the "HireArt Portal") to onboard its employees. (*Id.* ¶ 9.) Among other things, the HireArt Portal is an online portal accessible to HireArt's employees that provides them access to review, accept, and/or acknowledge agreements and policies at their convenience and from any location using the internet. (*Id.*) The HireArt Portal utilizes DropBox Sign (also known as Hellosign) which enables employees to electronically acknowledge and sign the various policies and agreements in the HireArt Portal. (*Id.* ¶ 10.) During the time Plaintiff was onboarded in February 22, 2024, as part of the normal course of business, once an internal HireArt recruiter identifies an applicant as "ready for hire," HireArt's human resources personnel approve the offer letter for the applicant in the HireArt Portal, which then automatically commenced the onboarding process. (*Id.* ¶ 11, Ex. A.) The HireArt Portal software sends HireArt employees an email to their personal email address employees provided to HireArt in the application phase, and the email contains an offer letter and requests the employee create a user account in the HireArt Portal. (*Id.*) By clicking on the application link in the job posting for an open position with HireArt, employees, including Plaintiff, are prompted to set up an account which identifies each user through a unique username selected by the employee and a confidential password known only to the employee. (*Id.* ¶ 14, Ex. B.) No one at HireArt can see an employee's password and there is no administrative backdoor for HireArt to learn the password, to sign into an employee's account, or to gain any access to or perform any action in an employee's account. (*Id.* ¶ 15.) Employees can access the HireArt Portal by either by signing on mobile or using a computer, and can agree to and sign various policy documents and agreements with either a touch screen or by dragging a computer mouse cursor. (*Id.* ¶ 17.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

When each employee, including Plaintiff, logs onto the HireArt Portal the dashboard page loads for the specific employee profile, where the employee can see his or her action items and previously completed actions in Dropbox Sign, to review the onboarding documents, he or she is prompted to click the hyperlink "Employment & Arbitration Agreement," which opens the Agreement, in a web browser allowing the document to be viewed in its entirety and printed. (*Id.* ¶ 16, Ex. C.; *Id.* ¶ 20.) On February 22, 2024, Plaintiff logged into the HireArt Portal to review the Employment & Arbitration Agreement, which includes an Arbitration Agreement ("Arbitration Agreement"). (*Id.* ¶ 21, Ex. E.)

As part of the onboarding process, employees, like Plaintiff, are required to review and sign the Arbitration Agreement. (*Id.* ¶ 21.) The HireArt Portal provides a mechanism for employees to sign onboarding documents and agreements by either using their computer or mobile's touchpad to physically trace their handwritten signature, or using a computer mouse cursor, and thereby, sign the document. (*Id.* ¶ 17.) On February 22, 2024, Plaintiff opened, reviewed, and electronically signed the Arbitration Agreement using a touch screen or computer mouse cursor. (*Id.* ¶ 21, Ex. E.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

### C. The Arbitration Agreement Applies To Plaintiff's Claims.

The Arbitration Agreement requires the parties to arbitrate all employment-related disputes between them:

> If any legally-actionable dispute arises among me, the Company, and/or the Company's client to which I am assigned ("Client") regarding or relating to the services provided to Company or the Client or any aspect of this Agreement or my compensation, training, terms and/or conditions of my provision of the services, that cannot be resolved by mutual discussion, I agree that the dispute will be resolved through final and binding arbitration before an arbitrator. This agreement applies, but is not limited, to any claim I may make based on alleged joint employment or co-employment with Company or the Client.

*Id.* ¶ 21, Ex. E, at ¶ 10.

> My agreement pursuant to this Section includes any such disputes that the Company may have against me, as well as those that I may have against the Company and/or any of its employees, agents or Clients, arising out of or relating to the services.

> I acknowledge and agree that all disputes between me and the Company arising under or relating to this Agreement and the services provided hereunder shall be submitted to binding arbitration in accordance with the Employment Rules of Arbitration of the American Arbitration Association ("AAA') then in effect or any successor thereto and the substantive laws of the State of Delaware in effect at the time of the dispute. The arbitrator shall have the exclusive authority to decide gateway issues, including but not limited to arbitrability, waiver, and scope of coverage. If I and the Client and/or Company cannot mutually agree upon an arbitrator, we will use the selection process through the AAA.

*Id.* ¶ 21, Ex. E, at ¶ 10.

**D. The Arbitration Agreement Expressly Requires Arbitration Of Plaintiff's Individual Wage And Hour Claims And A Stay Of The Claim.**

The agreement contains an express statement that claims are submitted to arbitration and a stay of court action regarding the claims.

> EXCEPT AS PROVIDED BY THE RULES AND THIS AGREEMENT, ARBITRATION SHALL BE THE SOLE, EXCLUSIVE AND FINAL REMEDY FOR ANY DISPUTE BETWEEN ME AND THE COMPANY. ACCORDINGLY, EXCEPT AS PROVIDED FOR BY THE RULES AND THIS AGREEMENT, NEITHER I NOR THE COMPANY WILL BE PERMITTED TO PURSUE COURT ACTION REGARDING CLAIMS THAT ARE SUBJECT TO ARBITRATION.

*Id.* ¶ 21, Ex. E, at ¶ 10 D. Remedy.

**E. Plaintiff Refuses To Submit His Claims To Arbitration.**

In contravention of his signed Arbitration Agreement, on August 31, 2026, Plaintiff filed a complaint in San Francisco County Superior Court against HireArt, Inc. and SCALEAI, Inc., asserting wage and hour claims.

The parties met and conferred via email correspondence regarding the Arbitration Agreement and its applicability to Plaintiff's action. (Declaration of Keith Jacoby ("Jacoby Decl.") ¶ 4, Ex. A.) Plaintiff refused to stipulate to arbitration of his wage and hour claims and a stay of the claims, thereby necessitating the filing of this Motion. (*Id.*)



LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

## III. LEGAL ARGUMENT

### A. The Federal Arbitration Act ("FAA") Applies to the Parties' Arbitration Agreement and Preempts State Law.

The FAA, 9 U.S.C. sections 1, *et seq*., was passed as "a response to hostility of American courts to the enforcement of arbitration agreements." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001). It states that arbitration agreements involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *Epic Systems Corp. v. Lewis*, 548 U.S. 1612, 1623 (2018). As affirmed by the Supreme Court, Section 2, reflects both a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011), *citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24 (1983); *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). California law recognizes the FAA preempts all conflicting state laws that frustrate the purpose of the FAA. *Iskanian v. CLS Transp. Los Angeles, LLC* (2014) 59 Cal.4th 348, 363-65. This rule of preemption applies even when a state's public policies would otherwise prevent enforcement of the arbitration agreement. *DIRECTV, Inc. v. Imburgia*, 577 U.S. 463, 471 (2015). Further, the Supreme Court has "repeatedly held that ambiguities about the scope of an arbitration agreement must be resolved in favor of arbitration." *Lamps Plus v. Varela*, 587 U.S. 1407, 1419 (2019).

The FAA applies to the Arbitration Agreements because Defendant's business activities regularly and consistently involve commerce, as HireArt is involved in recruiting and placing of candidates with employers in throughout the country and internationally. (Wardell Decl., ¶ 3-4.) HireArt also regularly uses interstate channels of communication, including email and interstate mail, and maintains a presence on the Internet through the HireArt website, where it advertises its products, services, and employment opportunities, and the HireArt Platform where job opportunities are posted. (*Id*.)*; see, e.g., Citizens Bank v. Alafabco, Inc*., 539 U.S. 52, 56-57 (2003) ("We [the Supreme Court] have interpreted

the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power.") (*citing Allied-Bruce Terminix Cos. v. Dobson* (1995) 513 U.S. 265 265, 273-274). Such activities constitute "interstate commerce" under the FAA. *Citizens Bank*, 539 U.S. at 56-57. ("commerce" applies even when individual transactions did not have substantial effect on commerce). This reasoning is consistent with well-established Supreme Court precedent holding that the FAA governs any agreement that "affects commerce," as evidenced by Section 2's use of the phrase "involving commerce," which is interpreted broadly. *Allied-Bruce Terminix Cos., Inc.*, 513 U.S. 265, 271. As a result, the FAA further applies to arbitration agreements that encompass "a wider range of transactions than those actually 'in commerce'"— "even if the parties did not contemplate an interstate commerce connection." *Id.*; *Citizens Bank*, 539 U.S. at 56.

Accordingly, the FAA applies to the Arbitration Agreements which in turn requires the arbitration of Plaintiff's wage and hour claims and requires a stay of Plaintiff's claims pending that arbitration.

### B. The FAA Mandates Submission of this Dispute to Arbitration.

When the FAA applies to claims covered by an arbitration agreement, a court must place the agreement "on equal footing with other contracts and enforce [the agreement] according to [its] terms," as is the case here. *Concepcion*, 563 U.S. at 339; *see also* 9 U.S.C. § 4; *Epic Systems Corp.*, 548 U.S. at 1621-22; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Under such circumstances, the FAA "leaves no place for the exercise of discretion" by a court but instead mandates that courts "shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Byrd*, 470 U.S. at 218.

Here, there is a valid arbitration agreement that covers all of Plaintiff's wage and hour claims raised in the present action. (Wardell Decl., Ex. E.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

### C. The Arbitrator, Not the Court, Must Determine Any Contract Defenses to Enforcement.

On a motion to compel arbitration, the Court's role under the FAA is generally limited to the determination of two "gateway" issues: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F. 3d 1126, 1130 (9th Cir. 2000); *accord Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84 (2002). An exception to this general rule exists when "the parties clearly and unmistakably provide otherwise." *AT&T Techs. v. Commc'ns Workers of Am.* (1986) 475 U.S. 643, 649; *see Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010). Where the parties "clearly and unmistakably" delegate the consideration of gateway issues to the arbitrator, "a court possesses no power" to consider arguments related to them. *Henry Schein v. Archer and White Sales, Inc.*, 586 U.S. 63, 68 (2019) (emphasis added).

Here, in the Arbitration Agreement, the parties agreed that the "The arbitrator shall have the exclusive authority to decide gateway issues, including but not limited to arbitrability, waiver, and scope of coverage. If I and the Client and/or Company cannot mutually agree upon an arbitrator, we will use the selection process through the AAA." (Wardell Decl., Ex. E at ¶ 10.) Further, the Arbitration Agreement states that the AAA Employment Arbitration Rules apply. (*Id.*, Ex. E at ¶ 10.) As the American Arbitration Association ("AAA") Employment Rules provide that the arbitrator has the sole authority to decide any challenge to the "….existence, scope, or validity of the arbitration agreement…" the incorporation of the AAA Rules evidences the parties intent to delegate issues of arbitrability to the arbitrator. *Brinkley v. Monterey Fin. Servs., Inc.* (2015) 242 Cal. App. 4th 314, 353–54; *Rodriguez v. American Technologies, Inc.* (2006) 136 Cal. App. 4th 1110, 1123 (reference to AAA Rules clear and unmistakable evidence of intent to delegate arbitrability to the arbitrator). Because the parties clearly and unmistakably agreed that the arbitrator has the sole authority to decide applicability and enforceability, Plaintiff must submit any challenges to the Arbitration Agreement, in arbitration. *See Najarro v.*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

*Sup. Ct*. (2021) 70 Cal.App.5th 871, 779-80, 888 (enforcing delegation clause that gave arbitrator "exclusive power to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this agreement").

**D. HireArt's Motion Must Be Granted Because the Arbitration Agreement is Valid and Covers Plaintiff's Claims.**

**1. Plaintiff Agreed to the Arbitration Agreement.**

HireArt's burden of proof is slight—it need only prove that an agreement to arbitrate the claims exists. *Condee v. Longwood Management Corp*. (2001) 88 Cal.App.4th 215, 218-19. To satisfy this burden, a defendant may supply a copy of the agreement or recite its terms. Id. at 219; *Espejo v. Southern California Permanente Medical Group* (2016) 246 Cal.App.4th 1047, 1060.

The Arbitration Agreement is valid. *Rent-A-Center*, 561 U.S. at 69. A valid contract exists when: (1) the parties are capable of contracting; (2) there was mutual consent; (3) the contract had a lawful object; and (4) the contract was supported by sufficient cause or consideration. California Code of Civil Procedure section 1550. The Arbitration Agreement meets these requirements.

The first element is satisfied because Plaintiff and Defendant HireArt were capable of contracting. "All persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights." Cal. Civ. Code § 1556. The second element is met as there is mutual consent. A party's acceptance of an arbitration agreement (as with any contract) may be express or implied in fact. *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev*. (US), LLC, (2012) 55 Cal.4th 223, 236. Here, Plaintiff expressly accepted the Arbitration Agreement, which he signed and acknowledged prior to his first day working for HireArt. (Wardell Decl., Ex. E.)

The third element is met because the Arbitration Agreement has a lawful objective under California and federal law, i.e., the prompt and efficient resolution of disputes through binding arbitration. *See Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2009) 45 Cal.4th 557, 564 (noting the "strong public policy in favor of arbitration as a

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

speedy and relatively inexpensive means of dispute resolution.")

The fourth element is met because the Arbitration Agreement is supported by sufficient consideration. The California Supreme Court has explained it is a "general principle that the law will not concern itself with the adequacy of consideration." *Asmus v. Pacific Bell*, 23 Cal.4th 1, 15 (2000). When considering the validity of an arbitration agreement, "there is consideration in the form of continued employee services." *Id*. at 14-15; see also *Craig v. Brown Root, Inc*. (2000)84 Cal. App. 4th 416, 422 (arbitration agreement received at outset of employment was presumed enforceable). In addition to continued employment, mutual promises, and advantages of arbitration, rather than litigating in court, constitutes consideration for the Arbitration Agreements. *See Stolt-Nielsen v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010). Indeed, the Arbitration Agreement is mutual, creating benefits and obligations on all parties. *See, generally*, Wardell Decl., Ex. E. Because a valid contract to arbitrate exists, and Plaintiff agreed to be bound by it, the first gateway consideration is satisfied.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

### 2. The Language of the Arbitration Agreement Covers Plaintiff's Claims.

The Arbitration Agreement satisfies the second gateway issue because it covers the claims asserted in Plaintiff's Complaint. (Wardell Decl., Ex. E at ¶ 10.) In determining whether the Arbitration Agreement covers the stated claims, the threshold inquiry is an analysis of the contractual language. "Absent some ambiguity in the agreement… it is the language of the contract that defines the scope of disputes subject to arbitration." *EEOC v. Waffle House*, 534 U.S. 279, 289 (2002). The plaintiff — not defendant — must demonstrate there is no permissible interpretation of the Arbitration Agreement that would cover this action. *United Steelworkers of Am. V. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960) (courts must defer to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute . . .[;] doubts should be resolved in favor of coverage.")

Here, the Arbitration Agreement covers Plaintiff's claims. (Wardell Decl., Ex. E at

¶ 10). Plaintiff's claims in this case arise out of his employment with HireArt and related placement at Scale. *See generally*, Ex. A to Jacoby Decl. Thus, Plaintiff's claims clearly fall within the ambit of the Arbitration Agreement because Plaintiff agreed to arbitrate all wage and hour claims relating to his employment with HireArt and subsequent placement for work at Scale. (Wardell Decl., Ex. E at ¶ 10.)

### 3. The Arbitration Agreement Also Satisfies the Armendariz Factors.

To the extent Plaintiff seeks to oppose this motion based upon unconscionability, that argument will fail. If an arbitration agreement satisfies the minimum requirements for validity, it must be enforced unless the party opposing enforcement can prove that the agreement is both procedurally and substantively unconscionable. *See Baltazar v. Forever 21, Inc*. (2016) 62 Cal.4th 1237, 1243; *Armendariz v. Found. Health Psychcare Servs., Inc.* (2000) 24 Cal.4th 83, 94. Procedural unconscionability focuses on oppression or unfair surprise and substantive unconscionability focuses on overly harsh or one-sided terms. *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 910 (internal citation omitted); *Sonic Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1133. Additionally, there is a sliding scale relative to both components:

> The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. . . . But they need not be present in the same degree. . . . [T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.

*Baltazar*, 62 Cal.4th at 1243-1244. Plaintiff cannot legitimately establish the Arbitration Agreement is either procedurally or substantively unconscionable.

#### a. The Arbitration Agreement is not procedurally unconscionable.

"An agreement is procedurally unconscionable where there exists 'oppression' arising from unequal bargaining power or 'surprise' arising from hidden or buried terms in a long or complex printed form." *McManus v. CIBC World Mkts. Corp*. (2003) 109

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

Cal.App.4th 76, 87. Here, there is no unconscionability—procedural or otherwise.

The Arbitration Agreement is written in plain language, clearly explaining that both parties are agreeing to arbitrate employment-related claims rather than pursuing them in court. *See generally* Wardell Decl., Ex. E. As such, there are no facts to support a claim of procedural unconscionability.

**b. The Arbitration Agreement is not substantively unconscionable.**

The Arbitration Agreement is not substantively unconscionable. Substantive unconscionability centers on the terms of the agreement and whether those terms are so one-sided as to "shock the conscience." *Soltani v. W. & S. Life Ins. Co.* (9th Cir. 2001) 258 F.3d 1038, 1043; *see also Sonic-Calabasas A, Inc.* 57 Cal.4th at 1145. It exists to "ensure that contracts, particularly contracts of adhesion, do not impose terms that have been variously described as overly harsh …unduly oppressive …so one-sided as to shock the conscience …or unfairly one-sided." *Id*. at 1145 (internal citations omitted.) A "contract term is not substantively unconscionable when it merely gives one side a greater benefit; rather, the term must be 'so one-sided as to 'shock the conscience.''" *Sanchez*, 61 Cal.4th at 911. Plaintiff cannot establish any substantive unconscionability. *See Baltazar*, 62 Cal.4th at 1243-1244; *Armendariz*, 24 Cal.4th at 114.

In *Armendariz*, the California Supreme Court held a mandatory pre-dispute agreement requiring arbitration of unwaivable statutory rights must provide for: (1) a neutral arbitrator; (2) adequate discovery; (3) all relief otherwise available in court (monetary damages, injunction, reinstatement, etc.); (4) a written arbitration award that permits limited judicial review; and (5) the employer to pay the arbitrator's fees and all costs unique to arbitration. *Armendariz*, 24 Cal.4th at 102. The Court further held that (6) there must exist a "modicum of bilaterality" between the employer and the employee as to the claims that each would be obligated to arbitrate pursuant to the arbitration agreement. *Id*. at 117; *see also Sonic-Calabasas A, Inc*., 57 Cal.4th at 1133-34.

The Arbitration Agreement satisfies these factors and should be enforced.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

**(1) The Arbitration Agreement provides for the appointment of a neutral arbitrator.**

The Arbitration Agreement provides that the parties will try to agree on an arbitrator. (Wardell Decl., Ex. E at ¶ 10.) If the parties fail to agree, an arbitrator will be appointed by the American Arbitration Association ("AAA") pursuant to the AAA Employment Arbitration Rules through a process in which both parties rank a list of AAA arbitrators. (*Id.*) Further, the Arbitration Agreement provides that the arbitration will be conducted pursuant to the AAA Employment Arbitration Rules. (*Id.*)

**(2) The Arbitration Agreement allows for adequate discovery.**

The Arbitration Agreement provides for adequate discovery, stating that discovery may be conducted pursuant to "AAA Employment Rules of Arbitration of the American Arbitration Association." (Wardell Decl., Ex. E at ¶ 10.)

**(3) The Arbitration Agreement contains no limitation of remedies.**

The Arbitration Agreement does not limit the statutory remedies that Plaintiff could seek in arbitration. ("I ALSO AGREE THAT THE ARBITRATOR SHALL HAVE THE POWER TO AWARD ANY REMEDIES AVAILABLE UNDER APPLICABLE LAW, AND THAT THE ARBITRATOR SHALL AWARD ATTORNEYS' FEES AND COSTS TO THE PREVAILING PARTY EXCEPT AS PROHIBITED BY LAW.") (Wardell Decl., Ex. E at ¶ 10.);

**(4) The Arbitration Agreement provides for a written award.**

The Arbitration Agreement requires the arbitrator to render a written statement with the essential legal and factual reasons for the decision. ("I AGREE THAT THE DECISION OF THE ARBITRATOR SHALL BE IN WRITING.") (Wardell Decl., Ex. E at ¶ 10.)

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

**(5) HireArt is responsible for paying the arbitrator's fee and the costs unique to arbitration.**

The Arbitration Agreement specifically provides that HireArt will pay the arbitrator's fee and all costs unique to arbitration, and all costs required by law. (Wardell Decl., Ex. E at ¶ 10.)

**(6) The Arbitration Agreement is Mutual.**

The Arbitration Agreement is mutual. The Arbitration Agreement applies to Plaintiff's claims against HireArt as well as HireArt's claims against Plaintiff. (Wardell Decl., Ex. E at ¶ 10.) Thus, both Arbitration Agreements satisfy the final requirement of Armendariz. *See Fittante v. Palm Springs Motors* (2003) 105 Cal.App.4th 708, 725 (a "modicum of bilaterality" exists when both parties are bound to submit their claims to arbitration.)

**E. Plaintiff Must Also Arbitrate His Claims Against HireArt's Unserved Client Scale AI, Inc.**

**1. Scale AI, Inc. is Expressly Covered By The Arbitration Agreement.**

Plaintiff entered into the Arbitration Agreement with the "Company," defined as "HireArt Inc. or one of "its subsidiaries, affiliates, successors or assigns (together the "Company.") (Wardell Decl., Ex. E at Preamble.)

The Arbitration Agreement also specifically applies to any claims Plaintiff may have against any of HireArt's clients and states that HireArt's clients can enforce the Arbitration Agreement. "If any legally-actionable dispute arises among me, the Company, and/or the Company's client to which I am assigned ("Client") regarding or relating to the services provided to Company or the Client or any aspect of this Agreement or my compensation, training, terms and/or conditions of my provision of the services, that cannot be resolved by mutual discussion, I agree that the dispute will be resolved through final and binding arbitration before an arbitrator. This agreement applies, but is not limited, to any claim I may make based on alleged joint employment or co-employment with Company or the Client." (Wardell Decl., Ex. E at ¶10.) Thus, the Arbitration Agreement applies to



LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

Plaintiff's claims against HireArt's client, SCALE AI, Inc.

**2. SCALE AI, Inc. Is a Third-Party Beneficiary.**

Under California law, "[i]t is well established that a nonsignatory beneficiary of an arbitration clause is entitled to require arbitration." *Harris v. Superior Court*, 188 Cal.App.3d 475, 478 (1986); *see also Michaelis v. Schori*, 20 Cal.App.4th 133, 135, 139 (1993) (finding that an arbitration agreement applied to a nonsignatory where he was "an employee or associate" of a co-defendant doctor who signed the agreement). Here, the Arbitration Agreement expressly intended that HireArt's client, Scale benefit from the Agreement. The Agreement provides that "Clients to which I am assigned, including "Client" named above, are intended third party beneficiaries of this arbitration agreement and may directly enforce it.." (Wardell Decl., Ex. E at ¶ 10.) Scale is a third-party beneficiary by virtue of being a client of HireArt—as specifically called out in the Arbitration Agreement—and is therefore entitled to enforce the Agreement directly. (*Id.*) Further, the benefit of being able to enforce the Arbitration Agreement satisfies HireArt's obligation to Scale as its client. Additionally, HireArt's purpose in entering into the Arbitration Agreement with Plaintiff was to assign Plaintiff to work on a contract assignment for the benefit of its client, Scale.

**3. SCALE AI, Inc. Can Enforce the Arbitration Agreement Under Agency Theory.**

In addition, courts routinely hold that a defendant may enforce an arbitration agreement when "a plaintiff alleges a defendant acted as an agent of a party to an arbitration agreement." *Garcia*, 11 Cal.App.5th at 788; *see also Dryer v. Los Angeles Rams*, 40 Cal.3d 406, 418 (1985) ("If, as the complaint alleges, the individual defendants, though not signatories, were acting as agents for the Rams, then they are entitled to the benefit of the arbitration provisions"); *Thomas v. Westlake*, 204 Cal.App.4th 605, 614–15 (2012) (allegations in complaint that defendants acted as agents of one another sufficient to allow alleged agent/nonsignatory to compel arbitration).

Here, Plaintiff alleges wage and hour claims against HireArt, Inc. as the W-2

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

employer from February 26, 2024 through October 5, 2025, and Scale as a joint employer for that period. (Complaint I., Nature of Action ¶ 1.) Plaintiff further alleges the specific period of "HireArt W-2 placement to Scale, as February 26, 2024 through October 5, 2025." (*Id*. ¶ 2.) The facts and claims, as pleaded, are inseparably intertwined as to all Defendants. Accordingly, Scale is entitled to enforce the Arbitration Agreement, as a third-party beneficiary or under agency theory, and compel Plaintiff's claims to arbitration. For all these reasons, the Arbitration Agreement applies equally to Plaintiff's claims against Scale. As of the filing of this motion, SCALE AI, Inc. has not yet been served by Plaintiff.

### F. Pursuant to the Terms of the Agreement and the FAA, Plaintiff Must Prosecute His Claims in Arbitration, and the Claims Must Be Stayed Pending Arbitration.

HireArt is entitled to an Order from the Court compelling Plaintiff to submit his claims to arbitration and staying the claims in this Court pending that arbitration. The Arbitration Agreement specifically and explicitly provides for such: "I further agree that arbitration shall be the exclusive and binding remedy for any such dispute and shall be used instead of any court action, which is hereby expressly waived. THE PARTIES EXPRESSLY WAIVE TRIAL BY JURY for all claims covered by this Agreement.'" (Wardell Decl., Ex. E at ¶ 10.) Thus, Plaintiff must arbitrate his claims.

### G. This Action Must Be Stayed.

Pursuant to Section 3 of the FAA, if an issue in a lawsuit is referable to arbitration under a written agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Supreme Court has also held that the district court has no discretion to deny a stay if the dispute is covered by a valid arbitration clause, "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 501 (2024).

To ensure the parties' agreement to arbitrate Plaintiff's claims are enforced



LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300

according to its terms, the claims must be stayed pending arbitration. This is consistent with Congress's purpose in the FAA "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible," *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 22, (1983). As stated above, Plaintiff's claims are covered by a valid arbitration agreement, and arbitration is mandated under the FAA. Accordingly, Plaintiff's claims, together with all further proceedings in this action, must be stayed pending completion of binding arbitration.

### H. Defendant HireArt, Inc. Requests a Statement of Decision if the Motion is Denied.

If the Court denies this Motion, HireArt, Inc. respectfully requests that the Court set forth the grounds for its denial, including any findings of fact and conclusions of law necessary to permit meaningful appellate review.

## IV. CONCLUSION

For the reasons stated above, Defendant HireArt,Inc, respectfully requests that this Court enforce the Arbitration Agreement and issue an order: (1) compelling Plaintiff to pursue his claims through arbitration only; and (2) dismiss the proceedings or in the alternative, staying these proceedings, pending individual arbitration.

Dated: November 5, 2026

LITTLER MENDELSON, P.C.

Keith A. Jacoby
Gwin Duangnapa

Attorneys for Defendant
HIREART INC.

4912-0928-3294.2 / 091403.1102

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
213.443.4300